Kenneth M. Rosenstein
Assistant Attorney General
Office of Criminal Appeals
310 K Street, Suite 308
Anchorage, Alaska 99501
Telephone: (907) 269-6260
Email: ken.rosenstein@alaska.gov

Attorney for Respondent

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| THOMAS SADDLER,<br><br>    Petitioner,<br><br>vs.<br><br>JOHN CONANT,<br><br>    Respondent. | Case No. 3:14-cv-105-SLG-DMS<br><br>ANSWER TO AMENDED PETITION FOR WRIT OF HABEAS CORPUS |

Saddler has filed an amended petition for writ of habeas corpus. Saddler is attacking his state court convictions of two counts of second- and two counts of fourth-degree misconduct involving a controlled substance. This is the respondent's answer.

**Factual and Procedural Background**

Saddler and two codefendants (Curt Friedmann and Stephan Hoyt) were charged in state court with two counts of second-degree misconduct

involving controlled substances (AS 11.71.020(a)(2)(A) and (4)(A)) and two counts of fourth-degree misconduct involving controlled substances (AS 11.71.040(a)(5)). The three were to be tried jointly.

The day before trial was to begin, Saddler's lawyer, Josh Fannon, announced that he was ready for trial. By the next day, and before jury selection began, he had discovered that he had not received the state's notice of expert or a copy of a laboratory report about which the expert would testify. Both of these documents related to the identity of the precursor chemicals Saddler was charged with possessing. Fannon, without informing the court that he lacked those documents, nevertheless proceeded with jury selection and allowed jeopardy to attach by the swearing in of the jury.

Fannon did not bring the matter to the trial court's attention until the day after the jury had been sworn. Fannon asked the court to preclude the state's expert from testifying and to exclude evidence of the lab report because the alleged lack of notice had effectively deprived him of the opportunity to challenge its accuracy. After a short evidentiary hearing, the court found that the notice (and presumably the report) had been sent to all the lawyers in the case but that Fannon had not actually received it; the court was unable to determine why.

The trial court refused to exclude the evidence but instead expressed its intent to grant a continuance to allow Fannon to have the evidence

independently tested. Fannon asked for 45 days. The court warned Fannon that a lengthy continuance would possibly lead to a mistrial. Fannon also recognized this, telling the court that he did not believe it would be possible to hold the jury for that long. As the court was about to bring the jury back into the courtroom, Fannon asked that the court inquire about the jurors' availability 45 days hence. The court told Fannon that it intended to ask the jurors only if they would still be available after 45 days; Fannon agreed.

When the jury returned to the courtroom, the trial court informed the jurors that it would be necessary to postpone the trial for at least 45 days and asked whether there was anyone who would not be available at that time. When four jurors and one alternate said they would be unavailable, the court declared a mistrial and discharged the jury.

Following the mistrial, Saddler moved to dismiss the indictment on double jeopardy grounds. The trial court, after initially agreeing with Saddler, ultimately vacated the mistrial order *nunc pro tunc* and discharged the jury under Alaska Criminal Rule 27(d)(3).

Saddler pleaded no contest to all four counts of the indictment, reserving his right to appeal the denial of the dismissal motion on double jeopardy grounds. Saddler was sentenced to a composite, unsuspended 20-year term of imprisonment.

On direct appeal, Saddler asserted that the trial court's inquiry of the unavailable jurors had been inadequate to support the mistrial. The Alaska Court of Appeals held that even if the trial court's inquiry of the jurors were insufficient, Saddler had invited any error when Fannon told the court that it would be impossible to hold the jurors for several weeks. *Saddler v. State*, 2009 WL 793739, *4 (Alaska App. 2009). And then, when the five jurors informed the trial court that they would be unavailable, Fannon failed to challenge their statements or to ask the court to inquire further. *Id.* Based on this record, the court of appeals concluded that the trial court could reasonably interpret Fannon's silence to mean that he "took the jurors' answers as a confirmation of his previously announced position—*i.e.*, his position that it would be impossible to hold the jury." *Id.*

Saddler also asserted that there was no manifest necessity to grant a mistrial. The court of appeals rejected this claim as well, recognizing that given the lengthy continuance, it would be difficult to shield the jurors "from extraneous information and influences." *Saddler*, 2009 WL 793739, *4. Complicating this problem was that one of Saddler's codefendants (Hoyt) was opposing the mistrial, while the other (Friedmann) was asking for one. *Id.* at *5. Thus, the lengthy continuance would potentially require severance of the trials. *Id.* And further, a continued trial would be hindered because of the difficulty rescheduling the trial to accommodate the schedules of the trial

4

court and the four lawyers involved in the case. *Id*. Based on these circumstances and supporting case law from other jurisdictions, the court of appeals concluded that the mistrial was supported by manifest necessity. *Id*.

The Alaska Supreme Court denied Saddler's petition for hearing. *Saddler v. State*, No. S-13476 (Alaska August 27, 2009) (order denying petition for hearing).

Saddler then filed a postconviction relief application asserting that Fannon had incompetently recommended that Saddler change his plea. The Alaska Court of Appeals rejected this claim because (1) the evidence against Saddler was overwhelming, (2) Fannon had researched the double jeopardy issue and spoken to other lawyers about the issue, which led him to believe that the mistrial was erroneous, (3) Fanon had initially convinced the trial court that a mistrial would be erroneous, but the court later reversed itself, and (4) Saddler had called an expert witness, but the expert offered no testimony about the double jeopardy issue and no opinion about Fannon's approach to the issue. *Saddler v. State*, 2013 WL 6228014, *3 (Alaska App. 2013). Thus the court of appeals affirmed the dismissal of Saddler's application. *Id*.

The Alaska Supreme Court denied Saddler's petition for hearing. *Saddler v. State*, No. S-15418 (Alaska February 28, 2014) (order denying petition for hearing).

5
Case 3:14-cv-00105-SLG-DMS   Document 12   Filed 09/03/14   Page 5 of 14

## Standard for Habeas Corpus Relief

Federal habeas relief does not entail an independent review of a state court decision for any federal constitutional error. Relief is available only under two circumstances.

The first circumstance is if the state court's adjudication of a federal constitutional claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1). *See Harrington v. Richter*, ___ U.S. ___, 131 S.Ct. 770, 785 (2011). Clearly established federal law for this purpose "is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). And this includes only the Court's holdings, not dicta. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). "[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Id*. at 410, *quoted in Richter*, 131 S.Ct. at 785. State courts are "granted a deference and latitude" that is unavailable when a case involves direct review under the applicable clearly established federal law. *Richter*, 131 S.Ct. at 785.

This deferential standard makes habeas relief unavailable when "fairminded jurists could disagree on the correctness of the state court's decision." *Id*. at 786 (internal quotation marks and citation omitted). And the more general the clearly established federal law, "the more leeway [state]

courts have in reaching outcomes in case-by-case determinations." *Id*. "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. To obtain habeas relief, a petitioner "must show that the state court's ruling was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility of fairminded disagreement." *Id*. at 786-87.

The second circumstance is if the state court's adjudication "was based on an unreasonable determination of the facts" in light of the state court record. 28 U.S.C. § 2254(d)(2). *See Harrington*, 131 S.Ct. at 785. Under this standard "a federal court may not second-guess a state court's fact-finding process unless, after review of the state-court record, it determines that the state court was not merely wrong, but actually unreasonable." *Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004).

Finally a federal court may not grant relief on a habeas claim unless "the applicant has exhausted the remedies available in the courts of the State[.]" *Peterson v. Lampert*, 319 F.3d 1153, 1155 (9th Cir. 2003) (en banc) (citing 28 U.S.C. § 2254(b)(1)(A)). To fulfill the exhaustion requirement, a habeas petitioner must have "fairly present[ed] his claim in the state courts." *Id*. (citing *Sullivan v. Broerckel*, 526 U.S. 838, 844 (1999)). In a state like Alaska, where supreme court review is discretionary, a habeas petitioner must apply for that review of a claim to fulfill the exhaustion requirement. *Id*. (citing

7

*Broerckel*, 526 U.S. at 845). When a petitioner has not exhausted a claim in state court, "he has procedurally defaulted and is ineligible for federal habeas relief unless he can show 'cause and prejudice.'" *Id.* (citing *Broerckel*, 526 U.S. at 848).

## Response to First Amended Petition

Saddler's amended petition asserts three claims for relief. This is the respondent's response to those claim.

*1. Saddler's claim that a mistrial was unwarranted*

Saddler asserts that a 45-day continuance did not qualify as manifest necessity for a mistrial. [Doc. 8 at 6] This misrepresents somewhat the basis for the trial court's action. It was not the continuance that necessitated the mistrial; it was the unavailability of five jurors following the 45-day continuance that warranted the mistrial.

The possibility of the unavailability of jurors following a protracted continuance for the benefit of the defendant constitutes manifest necessity to warrant a mistrial. *United States v. Campbell*, 544 F.3d 577, 583 (5th Cir. 2008) ("widely accepted" that legitimate unavailability of juror qualifies as manifest necessity to support mistrial) (internal quotation marks omitted); *United States v. Williams*, 717 F.2d 473, 474 (9th Cir. 1983) (juror unavailability following protracted continuance supported mistrial). The

8

Alaska Court of Appeals upholding the trial court's finding of manifest necessity is not contrary to clearly established federal law, nor does it amount to an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d)(1). Further, the court of appeals's decision did not rely on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(2).

The respondent denies this claim.

In addition, the court of appeals decided Saddler's claim on adequate and independent state grounds through the application of judicial estoppel.

"Judicial estoppel bars a party from contradicting previous declarations made during the same or an earlier proceeding if the change in position would adversely affect the proceedings or constitute a fraud on the court." *Brooks v. Hollaar*, 297 P.3d 125, 130 (Alaska 2013) (internal quotation marks omitted); *see also Union Oil Co. of California v. State*, 804 P.2d 62, 66 n. 7 (Alaska 1990) (doctrine of judicial quasi-estoppel "precludes a litigant from taking an inconsistent position from prior litigation where the circumstances of the new position would render the previous position unconscionable"); *Jamison v. Consolidated Utilities, Inc.*, 576 P.2d 97, 102 (Alaska 1978) ("Quasi-estoppel . . . appeals to the conscience of the court to prevent injustice by precluding a party from asserting a right inconsistent with a position previously taken by him, and does not require ignorance or

9

reliance as essential elements."). This review of Alaska case law establishes that judicial estoppel has been uniformly applied for 36 years.

Saddler's took the position in the trial court that it would be impossible to keep the jury together if the court granted a lengthy continuance. *Saddler*, 2009 WL 793739, *4. The court of appeals then applied judicial estoppel to bar relief. *Id*.

When a state court decides a claim based on adequate and independent state grounds, the claim is defaulted for purposes of federal habeas review and relief is barred. *Paulino v. Castro*, 371 F.3d 1083, 1093 (9th Cir. 2004). Here, the court of appeals's application of judicial estoppel is an adequate and independent state ground for disposing of Saddler's federal challenge to the mistrial. His federal habeas claim is thus barred.

Saddler further asserts that the trial court was obligated to inquire further of the unavailable jurors. As mentioned above, Fannon did not ask the trial court to make any further inquiry of the unavailable jurors and signaled, based on his previously expressed belief that it would be impossible to keep the jury together if the court granted a lengthy continuance. *Saddler*, 2009 WL 793739, *4. By failing to ask the trial court to make further inquiry, Saddler's claim was barred by judicial estoppel, an adequate and independent state ground. His federal habeas claim is thus barred. *See Paulino*, 371 F.3d at 1093.

In any event, the respondent denies this claim.

2.  *Saddler's claim the Alaska Court of Appeals improperly applied the judicial estoppel doctrine*

Saddler asserts that the Alaska Court of Appeals improperly applied the doctrine of judicial estoppel to reject his claim that the trial court's inquiry of the unavailable jurors was inadequate. [Doc. 8 at 6] According to Saddler, the Alaska courts do not uniformly apply judicial estoppel and the court of appeals "failed to delineate the requirements for the application of the doctrine." [*Id.*] But Saddler does not assert that (1) the application of judicial estoppel is contrary to, or involved an unreasonable application of, clearly established federal law or (2) the court of appeals's decision was based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d).

In reality, what Saddler asserts is not a claim at all. He appears to be anticipating that the respondent will defend against his petition by asserting that the court of appeals relied on adequate and independent state grounds in disposing of Saddler's challenge to the adequacy of the state trial court's inquiry into the availability of the jurors after the 45-day continuance.

As discussed above, Alaska case law establishes that judicial estoppel has been uniformly applied for 36 years. Here, the court of appeals's application of judicial estoppel is an adequate and independent state ground

11
Case 3:14-cv-00105-SLG-DMS   Document 12   Filed 09/03/14   Page 11 of 14

for disposing of Saddler's federal challenge to the adequacy of the trial court's inquiry. *Paulino*, 371 F.3d at 1093.

Saddler also makes a subsidiary "claim" that the court of appeals failed to delineate the elements of judicial estoppel. [Doc. 8 at 6] But again, Saddler does not assert that this failure is contrary to, or an unreasonable application of, clearly established federal law.

The respondent denies Saddler's first "claim" for relief.

### 3. *Saddler's third claim for relief*

Saddler's third and final claim relates to his postconviction relief case. He asserts that the trial court's and the Alaska Court of Appeals's analysis of prejudice in the context of ineffective assistance "was inconsistent with the degree of autonomy a defendant otherwise has, in a criminal prosecution." [Doc. 8 at 6]

If the respondent's understanding of this claim is correct, the claim is moot because the primary holding of the court of appeals in affirming the denial of Saddler's postconviction relief application was that Saddler failed to prove that his lawyer was incompetent. *Saddler*, 2013 WL 6228014, \*3. Though the court also affirmed Saddler's failure to prove prejudice, *id*., that failure was unnecessary to the court's resolution of Saddler's appeal. Absent proof that his lawyer was incompetent, the existence (or nonexistence) of

prejudice is irrelevant. *See Strickland v. Washington*, 466 U.S. 668, 697 (1984) ("there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one"); *Hedlund v. Ryan*, 750 F.3d 793, 823 (9th Cir. 2014) (court need not reach prejudice issue when defendant failed to prove lawyer's performance was incompetent).

In any event, the respondent denies this claim.

## Conclusion

Because Saddler's third claim is moot, it is subject to summary dismissal. For the remaining claims, this court should set a schedule for briefing on the merits.

DATED this 3rd day of September, 2014.

                         MICHAEL C. GERAGHTY
                         ATTORNEY GENERAL

                         <u>s/ Kenneth M. Rosenstein</u>
                            Assistant Attorney General
                            State of Alaska, Dept. of Law
                            Office of Criminal Appeals
                            310 K St., Suite 308
                            Anchorage, Alaska 99501
                            Telephone: (907) 269-6260
                            Facsimile: (907) 269-6270
                            e-mail: ken.rosenstein@alaska.gov
                            Alaska Bar No. 7605051

## Certificate of Service

I certify that on September 3, 2014, a copy of the foregoing Answer to Amended Writ of Habeas Corpus was served electronically on Rich Curtner and Noa Oren.

<u>s/ Kenneth Rosenstein</u>