# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

THOMAS R. SADDLER,

        Petitioner,

    v.

JOHN CONANT,

        Respondent.

Case No. 3:14-cv-00105-SLG

## <u>ORDER RE PETITION FOR WRIT OF HABEAS CORPUS</u>

Before the Court at Docket 23 is Petitioner Thomas R. Saddler's Merit Brief in Support of Petition for Writ of Habeas Corpus. Respondent John Conant filed a response at Docket 30, to which Mr. Saddler replied at Docket 33. The Petition was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B).

On April 18, 2016, at Docket 36, Magistrate Judge Deborah M. Smith issued an Initial Report and Recommendation. The magistrate judge recommended that the petition be denied and that this action be dismissed with prejudice. Mr. Saddler filed objections to the Initial Report and Recommendation at Docket 37, to which the Government filed a response at Docket 38. The magistrate judge issued a Final Report and Recommendation at Docket 40 on April 4, 2017, which addressed the objections and recommended that the Petition for Writ of Habeas Corpus be denied.

The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1). That statute provides that a district court "may accept, reject, or modify, in whole or in part, the findings

or recommendations made by the magistrate judge."[1]  A court is to "make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made."[2]  But as to those topics on which no objections are filed, "[n]either the Constitution nor [28 U.S.C. § 636(b)(1)] requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct."[3]

## DISCUSSION

Mr. Saddler's First Amended Petition for Writ of Habeas Corpus raises the following questions:

1. "Where the doctrine of judicial estoppel is neither uniformly accepted nor applied and where the court of appeals failed to delineate the requirements for the application of the doctrine, did the court of appeals err in" holding that judicial estoppel prevented Mr. Saddler from pursuing his claim regarding double jeopardy?

2. When "five jurors indicate that they were 'unavailable' if the trial . . . was continued 45 days," does that alone "establish a manifest necessity for a mistrial"?

3. "Did the court of appeals err in affirming the trial court, where both courts' analysis of the concept of prejudice in a post-conviction case was inconsistent with the degree of autonomy a defendant otherwise has, in a criminal prosecution?"[4]

---

[1] 28 U.S.C. § 636(b)(1).

[2] *Id.*

[3] *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

[4] Docket 8 at 6.

Case No. 3:14-cv-00105-SLG, *Saddler v. Conant*
Order re Petition for Writ of Habeas Corpus
Page 2 of 19

The Initial Report and Recommendation concluded that it could properly review the merits of Mr. Saddler's double jeopardy claim because the Alaska Court of Appeals' decision did not rest on adequate state law grounds.[5] But in reviewing the merits of Mr. Saddler's double jeopardy claim, the Initial Report and Recommendation held that the state trial judge "did not violate or unreasonably apply clearly established Supreme Court double-jeopardy caselaw."[6] The Initial Report and Recommendation also found that because the record establishes that Mr. Saddler did not present to the Alaska Court of Appeals his argument regarding his attorney's failure to advise him to take an interlocutory appeal on his double jeopardy claim, Mr. Saddler has not exhausted that claim, and thus it is not properly before the Court.

In response, Mr. Saddler filed timely objections, asserting that:

1. "The Initial Report and Recommendation fails to accurately account for the sequence of events which led to the mistrial decision."[7]

2. The Initial Report and Recommendation mistakenly finds that the Alaska Court of Appeals based its decision on independent state grounds, as "there can be no procedural default as long as the state court reviews the merits of the federal claim."[8]

3. The Initial Report and Recommendation "relies on unreasonable factual findings to uphold the mistrial declaration and misconstrues the manifest necessity standard."[9]

---

[5] Docket 36 (Initial R&R) at 11–13.

[6] Docket 36 at 13–21.

[7] Docket 37 (Saddler Objs.) at 1.

[8] Docket 37 at 2.

[9] Docket 37 at 3.

Case No. 3:14-cv-00105-SLG, *Saddler v. Conant*
Order re Petition for Writ of Habeas Corpus
Page 3 of 19

Case 3:14-cv-00105-SLG   Document 41   Filed 07/25/17   Page 3 of 19

4. The Initial Report and Recommendation mistakenly finds that Mr. Saddler did not "exhaust his Sixth Amendment claims at all stages of post-conviction review."[10]

The Government filed a response to Mr. Saddler's objections, which asserted that the Court should overrule Mr. Saddler's objections to the Initial Report and Recommendation. The magistrate judge then issued a Final Report and Recommendation that addressed each of Mr. Saddler's objections and continued to recommend that the petition for writ of habeas corpus be denied.[11] Pursuant to 28 U.S.C. § 636(b)(1), the Court will make a de novo determination of each of Mr. Saddler's objections.

1. Factual Objections

Mr. Saddler objects to the magistrate judge's description of certain facts. He maintains the following facts were omitted: (1) Mr. Saddler's trial counsel "made it abundantly clear that he would be raising a double jeopardy challenge"; (2) trial counsel "ultimately consented to a continuance before the jurors reassembled"; (3) the trial judge "declared a mistrial less than a minute after the jurors reassembled" and without soliciting input from the attorneys; (4) "the trial judge acknowledged in a written order that his mistrial decision was insufficient to support a showing of manifest necessity"; and (5) "the trial judge reinstated the charges anyway based on a plainly erroneous legal theory that was rejected by the Alaska Court of Appeals."[12]

---

[10] Docket 37 at 4.

[11] *See* Docket 40 (Final R&R).

[12] Docket 37 (Saddler Objs.) at 2 (emphasis omitted).

Case No. 3:14-cv-00105-SLG, *Saddler v. Conant*
Order re Petition for Writ of Habeas Corpus
Page 4 of 19
Case 3:14-cv-00105-SLG   Document 41   Filed 07/25/17   Page 4 of 19

Upon de novo review of the record, the Court finds that Mr. Saddler's trial counsel, Joshua Fannon, stated at least twice that if the trial court declared a mistrial, he would "make a double jeopardy argument."[13] But Mr. Fannon also acknowledged that if he were responsible for the delay, "I think that it would stop me from being able to make a double jeopardy argument."[14] The trial judge then stated on record that he could not make a finding as to who was at fault for the missing discovery. As a result, the trial judge informed the attorneys that they could either take a continuance or proceed with trial: "So your choice is to take the continuance—if the jury's not available, I'll probably have to call a mistrial in the interest of justice."[15] Mr. Fannon then "accept[ed] the court's proposal for a continuance" and did not reassert a double jeopardy argument prior to the judge's declaration of a mistrial. Accordingly, on de novo review, the Court finds that while Mr. Fannon did state he would make a double jeopardy argument, he did not make his intent "abundantly clear."

Second, upon de novo review and as noted in the preceding paragraph, the Court finds that Mr. Fannon did ultimately consent to a continuance before the jurors reassembled. However, the Court notes that Mr. Fannon asserted that a continuance was an inadequate remedy several times during the proceeding.[16] Both he and the trial

---

[13] Docket 30-1 at 18 (Tr. of Hr'g p. 118:10–20); Docket 30-1 at 20 (p. 125:4–7).

[14] Docket 30-1 at 28 (p. 156:8–11). Notably in this regard, Mr. Fannon could have avoided the entire double jeopardy issue had he sought a continuance immediately upon learning that he was missing a lab report, which occurred prior to jury selection. *See* Docket 30-1 at 16.

[15] Docket 30-1 at 29 (p. 159:10–12).

[16] Docket 30-1 at 19 (p.120:17–20) ("And if it's not adequate, and in my opinion it would be [in]adequate here, because I don't think the court could hold a seated jury for 90 days . . .."); Docket 30-1 at 20 (p. 124:22–23) ("I don't think the adequate remedy is a continuance.").

Case No. 3:14-cv-00105-SLG, *Saddler v. Conant*
Order re Petition for Writ of Habeas Corpus
Page 5 of 19

Case 3:14-cv-00105-SLG   Document 41   Filed 07/25/17   Page 5 of 19

court expected that a lengthy continuance would not be feasible. The trial judge warned the attorneys before he summoned the jury that "if the jury's not available, [the court would] probably have to call a mistrial in the interest of justice."[17] The trial judge also voiced considerable doubt that all of the jurors would be available 45 days later: "I mean, my—I would be shocked if all 14 of them are willing to hang around on this case for 45 days."[18]

As to the third objection, on de novo review the Court finds that the trial judge declared a mistrial almost immediately after the jury had reassembled and five jurors indicated their unavailability. The judge did not solicit the attorneys' input at that time, but no attorney raised any objection. And after the jury had been excused, the lawyers remained silent on the double jeopardy issue and began coordinating how to exchange the missing discovery.[19] Yet the record also reflects that there had been considerable discussion about the likelihood of a mistrial between the court and counsel before the jury returned to the courtroom that day.

Fourth, upon de novo review, the Court finds that the trial judge issued a written order on November 14, 2005, in which he concluded that there was manifest necessity to declare a mistrial but that "the court had an inadequate record on which to find that it was manifestly necessary to declare a mistrial."[20] Material to the trial judge's decision at that

---

[17] Docket 30-1 (Tr. of Hr'g) at 29 (p. 159:10–12).

[18] Docket 30-1 at 30 (p. 164:2–3).

[19] Docket 30-1 at 30–31.

[20] *See* Docket 23-2 (November 2005 Order) at 19–22. The trial judge rejected Defendants' argument that it lacked the authority to declare a mistrial. *See* Docket 23-2 (Trial Court's Notice

Case No. 3:14-cv-00105-SLG, *Saddler v. Conant*
Order re Petition for Writ of Habeas Corpus
Page 6 of 19

Case 3:14-cv-00105-SLG   Document 41   Filed 07/25/17   Page 6 of 19

time was the state's failure to file an opposition to the motion, and thus the state's apparent concession that the trial court should have further inquired into the reasons the five jurors were unavailable. The state then filed a motion for reconsideration of that order, which the trial court granted.[21] Here, in the November 14, 2005 order the trial court found that there was manifest necessity for a mistrial, but the court had an inadequate record on which to find that it was manifestly necessary. However, the Alaska Court of Appeals, after reviewing the record, found the record adequate to support the mistrial.[22]

Fifth, upon de novo review, the Court agrees that the trial judge reinstated the charges based on Alaska Criminal Rule 27, a legal theory that the Alaska Court of Appeals rejected in *Friedmann v. State*.[23]

Although the Court agrees with some of Mr. Saddler's recitation of the facts, the Court finds that these additional facts have no bearing on the Court's conclusion described below that the trial judge in declaring the mistrial did not violate or unreasonably apply clearly established federal law as determined by Supreme Court precedent.

None of the facts identified by Mr. Saddler in his objections undermines the conclusion that Mr. Fannon knew of the missing discovery before the jury was impaneled,

---

of Intent) at 48 ("Defendants also reiterated their claim, *rejected by this court in its initial order*, that the court lack authority to grant a mistrial over their objections.") (emphasis added).

[21] Docket 23-2 (January 2006 Order) at 62.

[22] *See Saddler v. State*, No. A-9846, 2009 WL 793739 at *4–5 (Alaska Ct. App. 2009).

[23] *See* Docket 23-2 (Trial Court Final Order) at 60 ("The procedure adopted by Criminal Rule 27 does not implicate double jeopardy at all."); *Friedmann v. State*, 172 P.3d 831, 835–36 (Alaska Ct. App. 2007) ("Dismissal of a jury under Criminal Rule 27(d)(3) is the equivalent of a declaration of mistrial for purposes of the guarantee against double jeopardy.").

Case No. 3:14-cv-00105-SLG, *Saddler v. Conant*
Order re Petition for Writ of Habeas Corpus
Page 7 of 19

Case 3:14-cv-00105-SLG   Document 41   Filed 07/25/17   Page 7 of 19

but waited until after the jury had been sworn to bring the issue to the trial judge's attention and request a continuance.[24]  The Court agrees with the magistrate judge's conclusion that Mr. Fannon's delay suggests the need for a mistrial was created, at least in part, by Mr. Fannon's decision to delay notifying the trial court of the need for a continuance until after the jury had been impaneled.[25]

## 2. Independent and Adequate State Grounds

Mr. Saddler's second objection maintains that there was no procedural default because the Alaska Court of Appeals reached the merits of Mr. Saddler's federal double jeopardy claim.[26]

A federal habeas court will not consider an issue of federal law from a judgment of a state court "if that judgment rests on a state-law ground that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision."[27]  However, a state court "'need not fear reaching the merits of a federal claim in an alternative holding,' as long as the court also articulates 'a state holding that is a sufficient basis for the state court's judgment,' even when the state court also relies on federal law."[28]  Here, the state court did just that.  The Alaska Court of Appeals held that "Saddler is estopped from pursuing his claim that Judge Smith failed to conduct a sufficient inquiry into the

---

[24] *See* Docket 30-1 (Tr. of Hr'g) at 16.

[25] Docket 40 (Final R&R) at 27.

[26] Docket 37 (Saddler's Objs.) at 2.

[27] *Harris v. Reed*, 489 U.S. 255, 260 (1989).

[28] *Bargas v. Burns*, 179 F.3d 1207, 1214 (9th Cir. 1999) (quoting *Harris*, 489 U.S. at 264 n.10).

Case No. 3:14-cv-00105-SLG, *Saddler v. Conant*
Order re Petition for Writ of Habeas Corpus
Page 8 of 19

Case 3:14-cv-00105-SLG   Document 41   Filed 07/25/17   Page 8 of 19

unavailability of the jurors . . . [because] Saddler's attorney invited the error."[29]  The Alaska Court of Appeals then added "[I]n any event, Judge Smith could reasonably conclude that there was a manifest necessity for the mistrial."  That the court reached the merits of Mr. Saddler's federal double jeopardy claim in an alternative holding does not alter the fact that it independently rested its judgment on state procedural grounds.[30]

However, the Court agrees with the magistrate judge that the state grounds were inadequate, as it is not apparent that the Alaska Court of Appeals applied a "firmly established and regularly followed" state procedural rule when it applied estoppel to Mr. Saddler's double jeopardy claim.[31] Mr. Saddler's objection on this point is thus moot, and the Court will review the merits of his federal double jeopardy claim.

3.  Double Jeopardy

Mr. Saddler's third objection maintains that the magistrate judge "relies on unreasonable factual findings to uphold the mistrial declaration and misconstrues the manifest necessity standard."[32]

Both parties agree that the *Perez* standard of manifest necessity should apply to the trial judge's declaration of a mistrial.[33]  But Mr. Saddler argues that a reviewing court

---

[29] *Saddler*, No. A-9846, 2009 WL 793739 at *3–4.

[30] *See id.* at *4 ("Even if Saddler were allowed to argue on appeal that Judge Smith's inquiry . . . was insufficient to warrant his . . .  declaration of a mistrial, we would still uphold Judge Smith's decision.").

[31] *See Lee v. Jacquez*, 788 F.3d 1124, 1128 (9th Cir. 2015) (quoting *Walker v. Martin*, 562 U.S. 307, 316 (2011)), *rev'd on other grounds by Johnson v. Lee*, 136 S. Ct. 1802 (2016).

[32] Docket 37 (Saddler's Objs.) at 3.

[33] *See* Docket 23 (Saddler's Merits Br.) at 15–16 (citing *United States v. Perez*, 22 U.S. 579 (1824)); Docket 30 (Gov't Opp'n) at 26 (same).

Case No. 3:14-cv-00105-SLG, *Saddler v. Conant*
Order re Petition for Writ of Habeas Corpus
Page 9 of 19

Case 3:14-cv-00105-SLG   Document 41   Filed 07/25/17   Page 9 of 19

may not extrapolate facts not identified by the trial judge to support a finding of manifest necessity. Rather, he maintains that the trial judge is required to "make efforts to assure *himself* that the situation warrants action on *his part* foreclosing the defendant from a potentially favorable judgment by the tribunal."[34] Mr. Saddler asserts that by its own admission in the November 14, 2005 order, the trial judge "had an inadequate record on which to find that it was manifestly necessary to declare a mistrial."[35] Then, according to Mr. Saddler, the Alaska Court of Appeals erred by extrapolating several additional facts in the record that were never identified by the trial judge to support its holding of manifest necessity.

The magistrate judge found that the trial judge's conduct "was well within the broad discretion granted to him by U.S. Supreme Court precedent."[36] The magistrate judge also emphasized the highly deferential standard of review for federal habeas petitions, noting that the trial judge's "mistrial ruling and the Alaska Court of Appeal's affirmance of that decision is entitled to dual layers of deference." Accordingly, the magistrate judge recommends the rejection of Mr. Saddler's double jeopardy claim.[37]

The Court adopts and agrees with the magistrate judge's well-reasoned analysis of the double jeopardy claim, with the following additional comments:

---

[34] Docket 37 at 3 (emphasis in original) (citing *Arizona v. Washington*, 434 U.S. 497, 505 (1978) and *United States v. Jorn*, 400 U.S. 470, 486 (1971)).

[35] *See* Docket 23 at 17 (citing 23-2 (Trial Court's November 2005 Order) at 20).

[36] Docket 36 (Initial R&R) at 18.

[37] Docket 36 (Initial R&R) at 21.

Case No. 3:14-cv-00105-SLG, *Saddler v. Conant*
Order re Petition for Writ of Habeas Corpus
Page 10 of 19

Case 3:14-cv-00105-SLG   Document 41   Filed 07/25/17   Page 10 of 19

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal court may not grant a writ of habeas corpus unless the state court's decision on the merits of the constitutional claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[38] "[A]n unreasonable application of federal law is different from an incorrect application of federal law."[39] "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."[40] Accordingly, AEDPA "imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'"[41]

This "highly deferential standard" is at its height when evaluating whether a trial court abused its broad discretion in the double jeopardy context, because the Supreme Court has held that in this context there is greater potential for "reasoned disagreement among fair-minded judges."[42] In *Renico v. Lett*, the trial judge received a note from the jury asking "what if we can't agree?" After briefly confirming that the jury could not reach a unanimous verdict, the trial judge declared a mistrial without making a specific finding

---

[38] 28 U.S.C. § 2254(d).

[39] *Williams v. Taylor*, 529 U.S. 362, 410 (2000) (emphases omitted).

[40] *Id.* at 411.

[41] *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997) and *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002)).

[42] *Id.* at 773.

Case No. 3:14-cv-00105-SLG, *Saddler v. Conant*
Order re Petition for Writ of Habeas Corpus
Page 11 of 19

Case 3:14-cv-00105-SLG   Document 41   Filed 07/25/17   Page 11 of 19

of manifest necessity or developing the record. The trial court then scheduled a new trial, at which Mr. Lett was convicted. The state's highest court in the state affirmed Mr. Lett's conviction and found that the trial judge exercised his "sound discretion" in declaring the mistrial. The state supreme court also cited to facts in the record that supported a mistrial determination that had not been identified by the trial court.[43] On federal habeas review, the U.S. Supreme Court upheld the state court's ruling and held that the state court's decision was not unreasonable under established Supreme Court precedent. The Court added that under Supreme Court precedent, "a trial judge declaring a mistrial is not required to make explicit findings of 'manifest necessity' nor to 'articulate on the record all the factors that informed the deliberate exercise of his discretion.'"[44] Rather, the decision to declare a mistrial is reserved to the broad discretion of the trial court. And because the abuse of broad discretion standard is so general, the range of reasonable judgment is broad, thus according state courts "more leeway . . . in reaching outcomes in case-by-case determinations."[45]

Similarly, in *Arizona v. Washington*, the state trial court declared a mistrial based on improper remarks by defense counsel during opening statement.[46] The trial judge did not expressly find "manifest necessity," nor did he state that he had considered and

---

[43] "The [state appellate] court cited the facts that the jury 'had deliberated for at least four hours following a relatively short, and far from complex, trial,' that the jury had sent out several notes, 'including one that appears to indicate that its discussions may have been particularly heated,' and –'most important'—'that the jury foreperson expressly stated that the jury was not going to reach a verdict.'" *Id.* at 772 (quoting *People v. Lett*, 644 N.W.2d 743, 753 (Mich. 2002).

[44] *Id.* at 776–77 (quoting *Arizona v. Washington*, 434 U.S. 497, 517 (1978)).

[45] *Id.* at 776 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

[46] 434 U.S. 497, 501 (1978).

Case No. 3:14-cv-00105-SLG, *Saddler v. Conant*
Order re Petition for Writ of Habeas Corpus
Page 12 of 19

Case 3:14-cv-00105-SLG   Document 41   Filed 07/25/17   Page 12 of 19

rejected alternative solutions. A subsequent retrial resulted in a conviction, which was affirmed by the state appellate court. On subsequent appeal from federal habeas review, the U.S. Supreme Court held that a trial judge's decision to declare a mistrial is entitled to great deference, but reviewing courts have an obligation to satisfy themselves that "the trial judge exercised 'sound discretion.'"[47] Thus, if the record indicates that the trial judge acted irrationally or irresponsibly, the reviewing court should not uphold such conduct. But if the record shows that the trial judge acted "responsibly and deliberately," and accorded careful consideration to the defendant's interest, then the judge's exercise of sound discretion should be upheld. Accordingly, the absence of explicit findings by the trial judge to support a finding of "manifest necessity" is not conclusive. As long as "*the record provides sufficient justification* for the state-court ruling, the failure to explain that ruling more completely does not render it constitutionally defective."[48]

Given the Supreme Court precedent on this issue, the Alaska Court of Appeals decision upholding the mistrial was not contrary to, nor did it involve an unreasonable application of, clearly established federal law as determined by the Supreme Court. The record supports the conclusion that the trial judge explored the options of proceeding with trial and inquiring of the jurors whether a lengthy continuance was feasible.[49] Mr. Fannon asserted a preference for the continuance, and the trial judge then reassambled the jury and asked whether any of them would be unavailable to return in 45 days. When five of

---

[47] *Washington*, 434 U.S. at 514 (quoting *United States v. Perez*, 22 U.S. 579, 580 (1824)).

[48] *Id.* at 516–17 (1978) (emphasis added).

[49] *See* Docket 30-1 at 29–30.

Case No. 3:14-cv-00105-SLG, *Saddler v. Conant*
Order re Petition for Writ of Habeas Corpus
Page 13 of 19

Case 3:14-cv-00105-SLG   Document 41   Filed 07/25/17   Page 13 of 19

them raised their hands, Judge Smith declared a mistrial, thereby according Mr. Saddler's trial counsel sufficient time to review the allegedly undisclosed expert report. The fact that the Alaska Court of Appeals identified facts in the record that were not discussed by the trial judge to support the mistrial determination does not amount to an unreasonable application of U.S. Supreme Court precedent as illustrated by *Renico* and *Washington*.

Mr. Saddler also asserts that the trial judge, by his own admission, conceded that he did not "make efforts to assure himself that the situation warrants action on his part foreclosing the defendant from a potentially favorable judgment by the tribunal."[50] Mr. Saddler refers to the trial judge's November 14, 2005 order.[51] The Court does not agree that the trial judge conceded in that order that he did not make reasonable efforts to assure himself that the circumstances warranted a mistrial, as the trial judge wrote:

> In this case, it was defendants who [wanted] a continuance of 45 days. That request, in turn, rendered the sworn panel unavailable. It accordingly was manifestly necessary to declare a mistrial.[52]

And, although the trial judge did then state in that order that the record was insufficient, the Alaska Court of Appeals independently reviewed the record and found that it sufficiently supported the mistrial declaration.[53]

---

[50] Docket 37 (Saddler's Objs.) at 3 (citing *United States v. Jorn*, 400 U.S. 470 (1971) (concluding that trial judge abused his discretion in discharging jury to permit government witnesses to be advised of their rights and consult with attorneys when both witnesses and prosecutor assured trial judge that government witnesses had already been so advised)).

[51] *See* Docket 23-2 (November 2005 Order) at 19 (holding that after defendants sought a continuance of 45 days, thereby "render[ing] the sworn panel unavailable," "it accordingly was manifestly necessary to declare a mistrial").

[52] Docket 23-2 at 19.

[53] The Court finds further support for the trial judge's declaration of a mistrial in the fact that Mr. Fannon became aware of the missing lab report before jury selection began, but waited until after the jury had been empaneled to bring the issue to the Court's attention and seek a continuance.

Case No. 3:14-cv-00105-SLG, *Saddler v. Conant*
Order re Petition for Writ of Habeas Corpus
Page 14 of 19

Case 3:14-cv-00105-SLG   Document 41   Filed 07/25/17   Page 14 of 19

4. Ineffective Assistance of Counsel

Mr. Saddler's fourth objection maintains that contrary to the magistrate judge's finding, he exhausted his Sixth Amendment claim at all stages of post-conviction review.[54] Mr. Saddler maintains that "[i]n his petition for review with the Alaska Supreme Court, Mr. Saddler specifically objected to the effectiveness of his trial attorney's advice during plea negotiations." Accordingly, Mr. Saddler asserts that "[t]he exhaustion standard has been met here, because the operative facts and the substantive claim were presented."[55]

Failure to exhaust a federal claim bars federal habeas review when the state court has never been accorded the opportunity to consider a petitioner's claim and that opportunity may still be available to the petitioner under state law. "In contrast, the procedural default rule barring consideration of a federal claim applies only when a state court has been presented with the federal claim, but declined to reach the issue for procedural reasons, or if it is clear that the state court would hold the claim procedurally

---

*See* Docket 30-1 (Hr'g Tr.) at 16. There would have been no need for a mistrial had Mr. Fannon brought the issue to the Court's attention before the jury was empaneled. Mr. Saddler does not address this fact. Rather, he objects to the magistrate judge's finding that "one of the attorneys 'actively advocated' for a mistrial"—a fact that does not affect this Court's determination that the Alaska Court of Appeals' decision was not unreasonable under Supreme Court precedent. *See* Docket 37 (Saddler Objs.) at 4.

[54] Docket 37 at 4. Mr. Saddler's ineffective assistance of counsel claim maintains that "trial counsel was ineffective when he failed to advise Saddler of his right to immediately appeal the court's decision reinstating the charges." *See* Docket 23 (Merits Br.) at 34–35 (citing *Abney v. United States*, 431 U.S. 651, 662 (1977) ("[I]f a criminal defendant is to avoid exposure to double jeopardy and thereby enjoy the full protection of the Clause, his double jeopardy challenge to the indictment must be reviewable before that subsequent exposure occurs.")).

[55] Docket 37 at 4–5 (citing *Graham v. Angelone*, 191 F.3d 447 (4th Cir. 1999)).

Case No. 3:14-cv-00105-SLG, *Saddler v. Conant*
Order re Petition for Writ of Habeas Corpus
Page 15 of 19

Case 3:14-cv-00105-SLG   Document 41   Filed 07/25/17   Page 15 of 19

barred."[56]   Accordingly, failure to fully exhaust one's federal claims in state court may constitute procedural default when state court remedies are no longer available.

The Court finds that Mr. Saddler has procedurally defaulted his current ineffective assistance of counsel claim with respect to the pursuit of an interlocutory appeal.  "Fair presentation requires that the petition 'describe in the state proceedings both the operative facts and the federal legal theory on which his claim is based so that the state courts have a fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim.'"[57]   Mr. Saddler's Petition for Hearing with the Alaska Supreme Court included a broadly worded ineffective assistance of counsel claim.[58]   But the operative facts for that claim were that Mr. Saddler's trial attorney's advice on his chances for success on appeal induced Mr. Saddler to change his plea to preserve the double jeopardy issue.  In that petition, Mr. Saddler argued that the Court of Appeals erred by applying a concept of prejudice to his claim that "was inconsistent with the degree of autonomy a defendant otherwise has, in a criminal prosecution."[59]   While Mr. Saddler

---

[56] *Cassett v. Steward*, 406 F.3d 614, 621 n.5 (9th Cir. 2005) (quoting *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002)).

[57] *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) (quoting *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003), *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007)).

[58] *See* Docket 32-1 (Saddler Petition for Hr'g) at 2 ("[Mr. Saddler's] trial attorney advised him that the trial court's ruling allowing retrial was constitutional error . . . Mr. Saddler testified that his sole reason for changing his plea was his reliance on counsel's advice . . . he was [thus] misled by this incompetent advice into changing his plea.").

[59] Docket 32-1 at 3.

Case No. 3:14-cv-00105-SLG, *Saddler v. Conant*
Order re Petition for Writ of Habeas Corpus
Page 16 of 19

cited Supreme Court precedent and described the *Strickland* prejudice standard,[60] his argument was focused on the assertion that he was not allowed to exercise the degree of autonomy "Alaska law generally entrusts to criminal defendants" because his attorney misled him with a promise of a favorable outcome.[61]

Now Mr. Saddler seeks to argue that his trial attorney denied him his right to effective assistance of counsel under the Sixth Amendment for a different reason: by failing to advise Mr. Saddler of his right to seek an interlocutory appeal of the trial court's decision to reinstate the charges. Mr. Saddler neither provided the operative facts—that his trial attorney did not advise him to take an interlocutory appeal—nor clearly stated his legal theory—that the Sixth Amendment requires counsel to advise his client of the option of an interlocutory appeal for a claim of double jeopardy—to the state courts. Thus, the state courts were not afforded a fair opportunity to apply controlling legal principles to Mr. Saddler's constitutional claim.[62]

At this time, Mr. Saddler is procedurally barred from maintaining his current ineffective assistance of counsel claim in state court. AS 12.72.020(a)(3)(A) bars an application for post-conviction relief if one year has passed since a final decision on appeal, notwithstanding two exceptions not applicable here.[63] The Alaska Court of

---

[60] *See* Docket 32-1 at 4–6 (citing *Lafler v. Cooper*, 556 U.S. 156 (2012); *Missouri v. Frye*, 566 U.S. 133 (2012); *Padilla v. Kentucky*, 559 U.S. 356 (2010); *Hill v. Lockhart*, 474 U.S. 52 (1985); *Strickland v. Washington*, 466 U.S. 668 (1984)).

[61] *See* Docket 32-1 at 6–7.

[62] Even if Mr. Saddler's current ineffective assistance of counsel claim had been raised in his petition to the Alaska Supreme Court, there is no indication that he raised this argument with the Alaska Court of Appeals. *See* Docket 33 (Saddler's Reply) at 17.

[63] *See* AS 12.72.020(b)(1) and (b)(2) (exceptions).

Case No. 3:14-cv-00105-SLG, *Saddler v. Conant*
Order re Petition for Writ of Habeas Corpus
Page 17 of 19

Case 3:14-cv-00105-SLG   Document 41   Filed 07/25/17   Page 17 of 19

Appeals issued its final decision in *Saddler v. State* on March 25, 2009.[64] More than eight years have passed since that decision. AS 12.72.020(a)(6) also bars a successive application for post-conviction relief. Mr. Saddler filed his initial petition for post-conviction relief on July 27, 2009.[65] If Mr. Saddler attempted to return to state court on his current ineffective assistance of counsel claim, he would be procedurally barred by state law from proceeding at this time.

"A federal claim that is defaulted in state court pursuant to an adequate and independent procedural bar may not be considered in federal court unless the petitioner demonstrates cause and prejudice for the default, or shows that a fundamental miscarriage of justice would result if the federal court refused to consider the claim."[66] Here, Mr. Saddler has not demonstrated cause and prejudice for the default nor has he shown that a fundamental miscarriage of justice would result if this Court declined to consider his current ineffective assistance of counsel claim at this time. Accordingly, the Court will not consider that claim for the first time on federal habeas review.

## CONCLUSION

In light of the forgoing, the magistrate judge's Final Report and Recommendation at Docket 40 is ACCEPTED, as supplemented herein, and the Petition for Habeas Corpus at Docket 1 is DENIED.

The Court further finds that Mr. Saddler has not made the requisite substantial

---

[64] *See Saddler*, 2009 WL 793739 (Alaska Ct. App. 2009).

[65] Docket 23-4 (Application for Post Conviction Relief from Conviction or Sentence) at 24.

[66] *Cassett*, 406 F.3d at 621 n.5 (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

Case No. 3:14-cv-00105-SLG, *Saddler v. Conant*
Order re Petition for Writ of Habeas Corpus
Page 18 of 19

Case 3:14-cv-00105-SLG   Document 41   Filed 07/25/17   Page 18 of 19

showing of the denial of a constitutional right, and therefore a certificate of appealability will not be issued by this Court.[67]  Mr. Saddler may request a certificate of appealability from the Ninth Circuit Court of Appeals.

The Clerk of Court is directed to enter a final judgment accordingly.

DATED this 25th day of July, 2017.

/s/ Sharon L. Gleason
UNITED STATES DISTRICT JUDGE

---

[67] In a 28 U.S.C. § 2254 proceeding, a petitioner may only take an appeal if a circuit or district judge issues a certificate of appealability.  *See* Fed. R. App. P. 22.  Pursuant to § 2253(c)(2), the certificate may only be issued if the petitioner "has made a substantial showing of the denial of a constitutional right."  "The COA inquiry asks whether the applicant has shown that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Beck v. Davis*, 1237 S. Ct. 759, 773 (2017).  Here, Mr. Saddler has not shown that jursits of reason could disagreed when applying AEDPA's hiighly deferential standard to the facts of this case.

Case No. 3:14-cv-00105-SLG, *Saddler v. Conant*
Order re Petition for Writ of Habeas Corpus
Page 19 of 19

Case 3:14-cv-00105-SLG   Document 41   Filed 07/25/17   Page 19 of 19